**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY GLICK, an individual,<br><br>Defendant. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Brighthouse Life Insurance Company, by and through its undersigned attorneys, Brian S. Kane and Gordon Rees Scully Mansukhani, files the following Complaint for Declaratory Judgment against defendant Kimberly Glick pursuant to 28 U.S.C. § 1332, *et seq.*, averring as follows:

**PARTIES AND KEY NON-PARTIES**

1. Brighthouse Life Insurance Company (f/k/a MetLife Insurance Company USA f/k/a MetLife Investors USA Insurance Company) ("Brighthouse") is an insurance company organized under the laws of the State of Delaware with its principal place of business in North Carolina.

2. Defendant Kimberly Glick ("Glick") is the former spouse of decedent Brian Althouse and was designated as the primary beneficiary of the subject life insurance policy. Upon information and belief, Glick is a citizen of Pennsylvania, residing in Broomall, Delaware County, Pennsylvania.

3. Brian Althouse (the "Insured") was the owner of the subject life insurance policy. The Insured died on June 12, 2025. Upon information and belief, the Insured was a citizen of

Pennsylvania or Florida at the time of his death, residing in either Honey Brook, Pennsylvania, Media, Pennsylvania, or West Palm Beach, Florida. After reasonable investigation, it does not appear that an estate has yet been opened for the Insured.

4. Upon information and belief, Glick and the Insured have a minor son (the "Minor").

## JURISDICTION AND VENUE

5. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Within this action, Brighthouse seeks a determination of its rights and obligations under the subject life insurance policy issued by Brighthouse to the Insured.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Brighthouse, a citizen of Delaware and North Carolina for diversity purposes, and defendant Glick, a citizen of Pennsylvania, and because the amount in controversy exceeds $75,000.

7. Venue for this action is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because defendant Glick resides within this District. Venue is also proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

8. Upon information and belief, Glick and the Insured married in October 2009.

9. Upon information and belief, Glick and the Insured separated in or around September 2010.

10. On September 8, 2010, MetLife Investors USA Insurance Company, now known as Brighthouse, issued a term life insurance policy to the Insured as the owner and insured, policy number XXX-274-734, with a face amount of $1 million dollars (the "Policy"). A redacted true and correct duplicate of the Policy contract is attached hereto as Exhibit A.

11. On the Policy application dated July 22, 2010, the Insured designated his then wife, Glick, as the sole primary beneficiary of the Policy. A redacted true and correct copy of the Policy application is attached hereto as Exhibit B.

12. No beneficiary changes were ever made to the Policy. No contingent beneficiaries were ever named on the Policy.

13. Upon information and belief, Glick and the Insured divorced in or around August 2017.

14. The Insured died on June 12, 2025. As a result of the death of the Insured, Policy death benefits in the amount of $1,000,000 (the "Death Benefit") became payable.

15. In or around July 2025, Brighthouse received a Life Insurance Claim form signed by Glick on July 3, 2025 asserting a claim to the Death Benefit (the "Claim Form"). The Insured's death certificate was not included, as required. A redacted true and correct copy of the Claim Form is attached hereto as Exhibit C.

16. In or around August 2025, Brighthouse received a copy of the Insured's death certificate. The Insured's death certificate indicates that the Insured died in West Palm Beach, Florida. The Insured's death certificate identifies his marital status as divorced and his residence is listed in Honey Brook, Pennsylvania. A redacted true and correct copy of the Insured's death certificate is attached hereto as Exhibit D.

17. In reviewing the Claim Form, Brighthouse flagged that the Insured and Glick had divorced after the Policy was issued.

18. 20 Pa. C.S.A.§ 6111.2 states in pertinent part:

> (a) Applicability. This section is applicable if an individual:
> (1) is domiciled in this Commonwealth;
> (2) designates the individual's spouse as beneficiary of the individual's life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to the spouse; and
> (3) either:
> (i) at the time of the individual's death is divorced from the spouse; or
> (ii) dies during the course of the divorce proceedings…
> (b) General Rule. Any designation described in subsection (a)(2) in favor of the individual's spouse or former spouse that was revocable by the individual at the individual's death shall become ineffective for all purposes and shall be construed as if the spouse or former spouse had predeceased the individual, unless it appears the designation was intended to survive the divorce based on:
> (1) the wording of the designation;
> (2) a court order;
> (3) a written contract between the individual and the spouse or former spouse; or
> (4) a designation of a former spouse as a beneficiary after the divorce decree has been issued.
> ….

19. In or around August and September 2025, Brighthouse advised Glick that the claim was under review because the Insured and Glick had divorced after the Policy was issued and the provisions in 20 Pa. C.S.A.§ 6111.2 may operate to revoke her status as the sole primary beneficiary of the Policy. Glick was asked to provide Brighthouse with a copy of the divorce decree. Glick advised Brighthouse that there was no divorce settlement agreement because the divorce between the Insured and Glick was finalized by default in 2017.

20. In communications to Brighthouse following the Insured's death, Glick and her counsel continued to assert a claim to the Death Benefit, explaining that it was the Insured's intent to keep Glick as the sole primary beneficiary of the Policy after their divorce and that Glick had paid for the Policy premiums.

21. Brighthouse lacks sufficient information to determine whether the Death Benefit should be paid to Glick, the Minor or another party.

**COUNT I**

**DECLARATORY RELIEF**

22. The Death Benefit is payable by reason of the Insured's death.

23. Brighthouse is unable to determine whether Glick is entitled to the Death Benefit or whether 20 Pa. C.S.A.§ 6111.2 revoked her status as sole beneficiary of the Policy. If Glick's status as primary beneficiary of the Policy was revoked, Brighthouse is unable to determine to whom the Death Benefit is payable.

24. Brighthouse claims no interest in the Death Benefit and is a disinterested stakeholder. Brighthouse has, at all times, been willing to deliver – to the party entitled – the Death Benefit.

25. Brighthouse therefore seeks a judicial declaration regarding the rights of defendant Glick with respect to the Death Benefit as well as a judicial declaration regarding to whom the Death Benefit should be paid.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Brighthouse Life Insurance Company respectfully requests this Honorable Court to enter an Order declaring the following:

(a) Direct and declare the respective rights of defendant Glick with respect to the Death Benefit;

(b) Direct and declare to whom the Death Benefit should be paid; and

(c) Any other such declarations as the Court may deem appropriate.

Dated: December 8, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________________

Brian S. Kane
bkane@grsm.com
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
Telephone: (412) 577-7400
Facsimile: (412) 347-5461
Attorneys for Plaintiff
Brighthouse Insurance Company